UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sam C. Levy, *et al.*,

    Plaintiffs,

v.

United States Attorney General, *et al.*,

    Defendants.

Case No. 1:16cv306

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 13). Plaintiffs filed a Response (Doc. 15) and Defendants filed a Reply (Doc. 16). Plaintiffs also filed a Motion for oral argument, which the Court granted (Doc. 17). Following oral argument on March 1, 2017, the Court left the record open for the parties to file supplemental briefs (Docs. 19, 20). This matter is now fully briefed and ripe for review.

**I.    BACKGROUND**

Plaintiff, Sam Levy, an American citizen, married Gulara Mamedova a native and citizen of Uzbekistan on June 20, 2006. (Doc. 9, ¶ 9). On July 21, 2006, Levy filed a spousal visa petition ("Form I-130") on Mamedova's behalf with the United States Citizenship and Immigration Services ("USCIS"). (Id. at ¶ 10). USCIS approved the visa petition on August 24, 2012. (Id). Then, on September 4, 2012, Mamedova filed an application for Adjustment of Status to Legal Permanent Resident ("Form I-485"). (Id. at ¶ 11).

On October 2, 2014, USCIS issued a Notice of Intent to Revoke the approval of the Form I-130. (Id. at ¶14). The Notice cited the reason for the revocation of the Form I-130 was that it was improperly approved in the first place because Mamedova was ineligible. (Id.; Doc. 1-3,

PageID 26). Specifically, it explained Mamedova's previous four-month marriage to Charles White was deemed to be fraudulent. (Id.). Among the examples leading the USCIS to make such a determination was that the divorce decree defined the length of the marriage as being less than 24 hours, as White had allegedly been missing since the day of the wedding. (Id. at ¶ 15). Moreover, Mamedova never lived with White, and during the divorce proceedings, she was represented by a convicted organizer of fraud marriages. (Id.; Doc. 1-3, PageID 28). After receiving Plaintiffs' response to the Notice of Intent to Revoke, USCIS indeed revoked Mamedova's Form I-130 petition.

On December 11, 2014, Plaintiffs appealed the revocation of the Form I-130 to the Board of Immigration Appeals (the "Board"). That appeal remains pending. (Id. at ¶ 17). As a result of the revocation, Plaintiffs' Form I-485 was denied. (Id. at ¶ 15-16). On October 13, 2015, Mamedova applied to renew her application for employment authorization pursuant to a Form I-765. (Id. ¶ 19). That application was also denied. (Id. at ¶ 20). On December 28, 2015, Plaintiffs filed a motion for stay pending appeal requesting that the denial of the Form I-130 and Form I-485 be stayed during the pendency of their appeal. (Doc. 1-3, PageID 64-65). The Board has not adjudicated Plaintiffs' motion to stay. (Id. at ¶ 25).

Plaintiffs seek the following relief: 1) a Writ of Mandamus directing Defendants through the Board to grant the motion for stay; and 2) a Writ of Mandamus directing Defendants to adjudicate promptly and approve the Form I-765 employment authorization.

Defendants filed their initial motion to dismiss on June 13, 2016 (Doc. 7). In response, Plaintiffs filed an Amended Complaint (Doc. 9) rendering that motion moot. In the present Motion to Dismiss, Defendants move to dismiss Plaintiffs' Amended Complaint under Federal

Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted (Doc. 13).

## II. ANALYSIS

### A. Motion to Dismiss Standard

Subject matter jurisdiction is a threshold matter that a court must decide prior to evaluating whether to dismiss a complaint for failure to state a claim. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993); *accord Moir v. Greater Cleveland Trans. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("The Court will consider the 12(b)(1) motion first, as the 12(b)(6) challenge becomes moot if subject matter jurisdiction is lacking.")). "In considering whether to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) due to lack of subject matter jurisdiction, the plaintiff bears the burden of proving the existence of subject matter jurisdiction." *Hawaiian Vill. Computer v. Print Mgmt. Partners*, 501 F. Supp. 2d 951, 952 (E.D. Mich. 2007) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).

Attacks on subject matter jurisdiction may be either facial attacks or factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the legal sufficiency of the allegations of the complaint, and "goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright v. Garner*, No. 12-6314, 2014 WL 1978242, at *6 (6th Cir. 2014) (citation omitted). If those allegations establish federal claims, then jurisdiction exists. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (discussing Rule 12(b)(1) facial attacks). In contrast, a factual attack challenges the factual existence of subject matter jurisdiction, rather than the legal sufficiency of

the allegations. *Ritchie*, 15 F.3d at 598.

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Mandamus Act

Plaintiffs assert this Court has jurisdiction pursuant to the Mandamus Act. Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A Writ of Mandamus is appropriate only if Plaintiffs have exhausted all other forms of relief and if Defendants owe Plaintiffs a clear non-discretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Defendants argue that Plaintiffs' claims under the Mandamus Act fail to establish that this Court has jurisdiction because the Board is not required to grant the requested stay and

because the USCIS acted lawfully in denying Mamedova's employment application for employment authorization.

### 1. Stay of Forms I-130 and I-485 Pending Appeal

Plaintiffs argue that Defendants owe them a clear non-discretionary duty to grant the requested stay pursuant to 8 C.F.R. § 1003.6(a), which states:

> Except as provided under § 236.1 of this chapter, § 1003.19(i), and paragraph (b) of this section, the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification.

Defendants concede the Board has jurisdiction over Plaintiffs' Form I-130. 8 C.F.R. § 1003.1(b)(5). Defendants argue, however, that § 1003.6 addresses stays of removal, deportation or exclusion pending appeal of a final order of removal.[1] Because Mamedova does not claim to be in removal proceedings, Defendants argue the regulation is not applicable. The Court disagrees.

Contrary to Defendants' assertion, the regulation generally excludes stays with respect to deportation. *See* 8 C.F.R. 1003.6(b). Moreover, the plain language of 8 C.F.R. § 1003.6(a) does not appear to support the narrow interpretation for which Defendants advocate.[2] Rather, the regulation provides that execution of a decision while an appeal is pending for *any proceeding* from which an appeal to the Board may be taken shall be stayed. It is undisputed that an appeal to the Board may be taken with respect to the denial of Plaintiffs' Form I-130. Consequently, Defendants' argument is unavailing.

---

[1] The Board cites to the Board's Practice Manual in support of its argument. Section 6.1, however, states that "[t]his chapter provides general guidance regarding stays. For particular cases, parties should consult the controlling law and regulations." BIA Prac.Man. Ch. 6, 1999 WL 33435431 (April 26, 2016). The Practice Manual then cites § 1003.6, as well as other laws and regulations.
[2] In their supplemental brief, Defendants acknowledge there is ambiguity as to the applicability of § 1003.6(a).

Defendants also appear to suggest the automatic stay provided for in 8 C.F.R. § 1003.6(a) only applies to appeals of decisions issued by immigration judges.[3] This argument is unpersuasive.

8 C.F.R. § 1003.3 addresses notices of appeal under the Chapter, and provides as follows:

(a) Filing –

> (1) Appeal from decision of an immigration judge. A party affected by a decision of an immigration judge which may be appealed to the Board under this chapter shall be given notice of the opportunity for filing an appeal. An appeal from a decision of an immigration judge shall be taken by filing a Notice of Appeal from a Decision of an Immigration Judge (Form EOIR–26) directly with the Board, within the time specified in § 1003.38. The appealing parties are only those parties who are covered by the decision of an immigration judge and who are specifically named on the Notice of Appeal. The appeal must reflect proof of service of a copy of the appeal and all attachments on the opposing party. An appeal is not properly filed unless it is received at the Board, along with all required documents, fees or fee waiver requests, and proof of service, within the time specified in the governing sections of this chapter. A Notice of Appeal may not be filed by any party who has waived appeal pursuant to § 1003.39.
>
> (2) Appeal from decision of a Service officer. A party affected by a decision of a Service officer that may be appealed to the Board under this chapter shall be given notice of the opportunity to file an appeal. An appeal from a decision of a Service officer shall be taken by filing a Notice of Appeal to the Board of Immigration Appeals from a Decision of an INS Officer (Form EOIR–29) directly with the office of the Service having administrative control over the record of proceeding within 30 days of the service of the decision being appealed. An appeal is not properly filed until it is received at the appropriate office of the Service, together with all required documents, and the fee provisions of § 1003.8 are satisfied.

While subsection (a)(1) addresses notices of appeal from decisions of immigration judges, subsection (a)(2) addresses the same with respect to decisions of a Service officer. It is undisputed that Plaintiffs filed a Notice of Appeal from a decision of a USCIS Service officer by way of a Form EOIR-29 thereby satisfying subsection (a)(2). Accordingly, the drafters of

---

[3] Defendants also raised this issue during oral argument.

6

Chapter 1003 clearly contemplated more than just appeals from decisions of immigration judges. In fact, they accounted for the specific situation in which Plaintiffs find themselves.

Defendants further contend that because visa petition proceedings are governed by a separate chapter, § 1003.6(a) might not apply.[4] In other words, § 1003.6(a) applies only to proceedings *in this chapter* and thus, if visa petition proceedings are governed by a separate chapter, Plaintiffs would not be entitled to the automatic stay provided by § 1003.6(a). The Court disagrees.

8 C.F.R. § 1205.2 addresses the procedure for the revocation of approval of petitions under Section 204 of the Immigration and Nationality Act. 8 C.F.R. § 1205.2(a). The revocation of Plaintiffs' Form I-130 clearly falls within the purview of Section 204.[5] 8 U.S.C. § 1154(a)(1)(A)(i); *See also* 8 U.S.C. § 1155. With respect to appeals, the regulation provides:

> (d) Appeals. The petitioner or self-petitioner may appeal the decision to revoke the approval within 15 days after the service of notice of the revocation. The appeal must be filed as provided in part 1003 of this chapter, unless the Associate Commissioner for Examinations exercises appellate jurisdiction over the revocation under part 103 of 8 CFR chapter I. Appeals filed with the Associate Commissioner for Examinations must meet the requirements of part 103 of this chapter.

8 C.F.R. § 1205.2(d). Put simply, appeals of revocations follow the procedure set forth in 8 C.F.R. § 1003. It is illogical to apply certain sections of § 1003, but disregard others. Thus, the Court finds that § 1003.6(a) applies to Plaintiffs' appeal of their Form I-130.

Accordingly, construing the Complaint in the light most favorable to Plaintiffs, and accepting all allegations as true, Defendants appear to have a clear non-discretionary duty to grant the requested stay as to the Form I-130 pursuant to 8 C.F.R. § 1003.6(a). The language specifically provides for an automatic stay of the execution of a decision pending appeal.

---

[4] Visa petition proceedings are governed by Chapter 1 part 204 of Title 8 and revocation authority is delegated to the Secretary under 8 U.S.C. § 1154 and Chapter 1 part 205 of Title 8.
[5] Section 204 provides the procedure for granting immigrant visas, including spousal visas.

Defendants argue that if § 1003.6(a) applies, they have no duty to adjudicate the motion for stay because the regulation itself stays the execution of the underlying decision. While this is true, Defendants have chosen not to apply § 1003.6(a) to the revocation of Plaintiffs' Form I-130, instead arguing the regulation does not extend to visa petition proceedings. Thus, at this early stage, the Court finds Plaintiffs have presented a plausible claim under the Mandamus Act so as to confer jurisdiction.

The same, however, cannot be said for adjudicating a request for a stay with respect to Plaintiffs' Form I-485. 8 C.F.R. § 245.2 provides that "[n]o appeal shall lie from the denial of an application [for permanent resident status] but such denial shall be without prejudice to the alien's right to renew his or her application." Accordingly, because an appeal cannot be taken, Defendants do not have a non-discretionary duty to grant the requested stay under § 1003.6(a). In other words, the Board owes no duty to Plaintiffs in this regard.[6] Thus, Plaintiffs have failed to present any factual allegations that could satisfy the second requirement necessary to obtain a Writ of Mandamus.[7] [8]

### 2. **I-765 Application**

Plaintiffs also request a Writ of Mandamus directing Defendants to adjudicate Mamedova's application for employment authorization. An employment authorization may be granted to "[a]n alien who has filed an application for adjustment of status to lawful permanent

---

[6] Plaintiffs argue Defendants have granted stays related to appeals to the Board before and thus, theirs too should be granted. Defendants dispute this. The Court does not address this argument because whether stays have been granted in the past does not change the Court's conclusion that Defendants do not have a *duty* to grant Plaintiffs' request for a stay.

[7] The Court notes that the motion for stay was filed almost a year after Mamedova's application for permanent resident status was adjudicated and thus, a request for adjudication of the same appears to be moot.

[8] Defendants also argue they do not have the authority to grant a stay of a Form I-485 because they do not have jurisdiction to review applications for adjustment of status denied by the Department of Homeland Security. Because the Court finds Plaintiffs have failed to establish this Court has jurisdiction pursuant to the Mandamus Act, it is not necessary to address this argument. The Court notes, however, that Plaintiffs do not cite to any contrary authority to suggest the Board has jurisdiction over Plaintiffs' Form I-485.

resident pursuant to part 245 of this chapter…" 8 C.F.R. § 274a.12(c)(9). Plaintiffs argue that because they are entitled to a stay of the Forms I-130 and I-485, Mamedova is entitled to an employment authorization. Plaintiffs' argument is flawed for several reasons.

First, as explained above, Plaintiffs are not entitled to a stay of the denial of the Form I-485 and thus, do not have a pending application for adjustment of status.[9] Indeed, Defendants correctly argue that USCIS cannot approve the Form I-765 without a pending Form I-485 application for adjustment of status.

Second, approval of applications filed under 8 C.F.R. 274a.12(c) is within the discretion of USCIS. 8 C.F.R. 274a.13(a)(1). Moreover, Chapter 274 does not identify a time period in which an application for employment authorization must be adjudicated. Therefore, Plaintiffs are not entitled to a Writ of Mandamus because USCIS does not owe Plaintiffs a clear non-discretionary duty to "promptly" adjudicate Mamedova's application as they argue. Nor does USCIS have a non-discretionary duty to approve the application at all. Accordingly, Plaintiffs have failed to allege facts sufficient to obtain a Writ of Mandamus and thus, have not presented a plausible claim that this Court has jurisdiction under the Mandamus Act.

C. **Administrative Procedure Act**

Plaintiffs do not specifically bring their claims pursuant to the Administrative Procedure Act ("APA"). To the extent they do, however, this Court does not have jurisdiction. The APA, by itself, does not provide an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 105-106 (1977). However, 28 U.S.C. § 1331, in conjunction with the APA, does allow federal district courts to establish subject matter jurisdiction. *Jama v. Dep't of Homeland Sec.*, 13-4192, 2014 WL 3673441, *3 (6th Cir. July 25, 2014). The APA allows courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §

---

[9] Plaintiffs are not barred from refiling the Form I-485 at the appropriate time, as the denial was without prejudice.

706(1) (2014).

Of importance, however, the APA grants parties standing to bring suit in federal court, but only those parties "adversely affected or aggrieved" by a *final* agency action. 5 U.S.C. § 702. Plaintiffs appealed USCIS's decision to revoke the Form I-130 petition. Therefore, to the extent Plaintiffs bring their claims under the APA, there is no final agency action and this Court does not have jurisdiction. *See* 5 U.S.C. § 704.

### III. CONCLUSION

Defendants' motion to dismiss (Doc. 13) is **GRANTED IN PART**. Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs' claim for a Writ of Mandamus for a stay with respect to the Form I-485 is **DISMISSED WITH PREJUDICE**;

2. Plaintiffs' claim for a Writ of Mandamus directing Defendants to adjudicate and approve the Form I-765 is **DISMISSED WITH PREJUDICE**.

3. Plaintiffs' claim for a Writ of Mandamus for a stay with respect to the Form I-130 remains.

In addition, Defendants' first motion to dismiss (Doc. 7) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

    s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court