# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Sam C. Levy, *et al*.,

        Plaintiffs,                       Case No.  1:16cv306

        v.                              Judge Michael R. Barrett

United States Attorney General, *et al.*,

        Defendants.

## OPINION & ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment.  (Doc. 22).  In response, Plaintiffs filed a Motion for Default Judgment.  (Doc. 23).

## I.    BACKGROUND

On March 21, 2017, the Court issued an Opinion & Order dismissing Plaintiffs' claim for a Writ of Mandamus for a stay with respect to their Form I-485 and dismissing Plaintiffs' claim for a Writ of Mandamus directing Defendants to adjudicate and approve their Form I-765. (Doc. 21).  The Court, however, left pending Plaintiffs' claim with respect to their Form I-130, finding the automatic stay during the pendency of an appeal outlined in  8 C.F.R. § 1003.6(a) applied to this case.  (Id.).

Subsequently, the Court held a status conference on May 2, 2017, wherein the Court, following a discussion regarding the remaining claim, instructed Defendants to file a motion for summary judgment.

## II.    STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). These standards upon which the court evaluates motions for summary judgment do not change simply because the parties present cross-motions. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

## III. <u>ANALYSIS</u>

Defendants argue the Court's prior Opinion effectively mooted Plaintiffs' claim related to their Form I-130. Defendants explain that because the Court found 8 C.F.R. 1003.6(a) applies, Plaintiffs' Form I-130 is automatically stayed during the pendency of their appeal and thus, there is nothing further for the Court to adjudicate.

In response, Plaintiffs filed a motion for default judgment arguing that "Defendants' Motion for Summary Judgment is not ripe because aforesaid issues are not moot and until after the Plaintiffs' wrongfully dismissed petitions based on I-130 are administratively re-opened and [] an Employment Authorized Card is administratively issued by USCIS by reason of a revived I-765 following the stay in favor of the I-130 and the revived pendency of the I-485." (Doc. 23, PageID 215). Plaintiffs' argument is without merit for several reasons.

First, Plaintiffs appear to misinterpret the Court's Opinion. With respect to Plaintiffs' Form I-485, the Court found Plaintiffs were not entitled to a Writ of Mandamus because Defendants did not have a non-discretionary duty to grant a stay. The Court did not find that

Plaintiffs' Form I-485 was somehow revived. Instead, the Court noted that Plaintiffs are not barred from *refiling* their Form I-485 at the appropriate time, as the denial was without prejudice. As for Plaintiffs' Form I-765, the Court likewise did not find the Form was revived. Rather, in dismissing Plaintiffs' claim, the Court concluded that Defendants did not have a non-discretionary duty to adjudicate Plaintiffs' Form I-765 in the "prompt" manner in which Plaintiffs requested (or a non-discretionary duty to adjudicate Plaintiffs' Form I-765 at all). Thus, the Court declines to grant Plaintiffs' request "to reserve their right to return to this Court" to the extent Defendants "fail to re-open Plaintiffs' I-485 and I-765." (Doc. 23, PageID 215).

Moreover, Plaintiffs' motion for default judgment is not the proper legal mechanism to request relief. Federal Rule of Civil Procedure 55(a) governs default judgments, and explains as follows:

> Entering a default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Because Defendants have clearly defended this case by way of a motion to dismiss and now, a motion for summary judgment, default judgment is not proper.

Upon review, the Court finds no genuine issue of material fact remains. 8 C.F.R. § 1003.6(a) states:

> Except as provided under § 236.1 of this chapter, § 1003.19(i), and paragraph (b) of this section, the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification.

The plain language of the Regulation makes clear that when applicable, a decision in any proceeding shall not be executed while an appeal is pending. In other words, the Regulation specifically provides for an automatic stay of the execution of a decision pending appeal. Thus,

because the Court found 8 C.F.R. § 1003.6(a) applicable, Plaintiffs are entitled to an automatic stay of their Form I-130 while their appeal is pending.

A review of Plaintiffs' claim related to the Form I-130 reveals that the Court's Opinion effectively granted the relief Plaintiffs requested—a stay. Accordingly, there is nothing left for the Court to adjudicate. Thus, no genuine issue remains and summary judgment appropriate.

## IV.   <u>CONCLUSION</u>

Considering the foregoing, Defendants' Motion for Summary Judgment (Doc. 22) is **GRANTED** and Plaintiffs' Motion for Default Judgment (Doc. 23) is **DENIED**. This matter shall be **CLOSED AND TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

_____s/Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court
